IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDERSON CASTILLO, et al.,<br><br>  Plaintiffs<br><br>v.<br><br>BEAURAYNE BUILDERS LLC,<br>GALINDO Z CONSTRUCTION LLC,<br><br>  Defendants. | Case No.: |

## COMPLAINT

Plaintiffs Anderson Castillo, Allan Matute, Arlen Antunez, Celestino Gables Irias, Dilmer Velasquez, Dionicio Valerio, Doris Ortez, Eblin Matute, Edwin Bonilla, Elias Amaya, Eric Bonifacio, Fredy Reyes, Gustavo Urbina, Heraldo Munoz, Johnny Valentin, Jorge Galindo, Jose Gutierrez, Kelin Lozano, Luis A. Galindo, Marco Ramirez, Norman Munoz, Odin Garcia, Oscar Humberto Hernandez-Moradel, Osmar Maldonado, Ramon Maldonado, Ramon Ucles, Roberto Cacho, Sabino Castillo, and Victor Zelaya ("Plaintiffs"), through their attorneys, Roberto Luis Costales and William H. Beaumont, file this Complaint against Defendants Beaurayne Builders LLC and Galindo Z Construction LLC.

## NATURE OF THE ACTION

1. This is an action by Plaintiffs to recover unpaid minimum wages. Plaintiffs were employed as general construction laborers by Defendants Beaurayne Builders LLC and Galindo Z Construction LLC ("Defendants"). While working for the Defendants, Plaintiffs were not paid any wages whatsoever for certain periods of employment, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206.

1

2. Plaintiffs seek to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs. Plaintiffs also bring this action to obtain declaratory and injunctive relief.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.  See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiffs

5. Plaintiffs were hired by Defendants in approximately January of 2017.

6. Plaintiffs worked for Defendants throughout the spring of 2017.

7. Plaintiffs performed manual labor for Defendants, including hammering, plastering, picking up trash, and moving items around worksites.

8. Plaintiffs provided this labor primarily at two job sites in the Baton Rouge area.

9. Defendants Plaintiffs between $12 and $24 dollars an hour, depending on experience.

10. At all relevant times, Plaintiffs "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Beaurayne Builders LLC

11. Defendant Beaurayne Builders LLC ("Beaurayne") is a limited liability company organized under the laws of Louisiana with its principal place of business in Prairieville, Louisiana.

12. Beaurayne is a commercial and residential construction company that offers services at all levels of building and remodeling. Beaurayne engaged Galindo Z Construction LLC to provide labor for its jobsites.

13. Beaurayne supervised the day to day work activities of Plaintiffs.

14. Beaurayne determined Plaintiffs' work schedule for the employment at issue herein.

15. Beaurayne maintains an employment file for Plaintiffs.

16. Beaurayne was aware that the Plaintiffs were not receiving the minimum wages at issue in this case.

17. Beaurayne is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

18. Beaurayne is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

**Defendant Galindo Z Construction LLC**

19. Defendant Galindo Z Construction LLC ("Galindo Z") is a limited liability company organized under the laws of Louisiana with its principal place of business in Kenner, Louisiana.

20. Galindo Z is in the business of providing manual labor for general contractors, including Defendant Beaurayne.

21. Galindo Z supervised the day to day work activities of Plaintiffs.

22. Galindo Z determined Plaintiffs' work schedule for the employment at issue herein.

23. Galindo Z maintains an employment file for Plaintiffs.

24. Galindo Z was aware that the Plaintiffs were not receiving the minimum wages at issue in this case.

25. Galindo Z is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

26. Galindo Z is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

27. Defendant Beaurayne is a commercial and residential construction company. Beaurayne is a general contractor on two apartment renovation projects in Baton Rouge, Louisiana. Beaurayne engaged Galindo Z to provide labor for its jobsites.

28. Defendants employed at least sixty manual laborers at their jobsites.

29. Plaintiffs normally worked more than forty hours a week for Defendants. On average, Plaintiffs worked at least sixty hours per week. Defendants often required Plaintiffs to work at least six days per week.

30. Plaintiffs were usually paid by check.

31. For certain periods of their employment, Defendants did not pay them any wages whatsoever.

32. Defendants willfully violated Plaintiffs' rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Not paying anything for work performed is a facially willful violation of the FLSA.

## COUNT I
## Fair Labor Standards Act

33. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

34. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 206 by not paying Plaintiffs any wages whatsoever for hours worked.

35. As a consequence of Defendants' FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment in their favor against Defendants and issue an order:

a. Entering judgment in the amount of all unpaid wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

b. Declaring that Defendants' conduct violated the FLSA;

c. Enjoining Defendants from violating the FLSA's minimum wage provisions;

d. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted:*

*/s/ William H. Beaumont*
BEAUMONT COSTALES LLC
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*whb@beaumontcostales.com*